■ JOSE REYES, Plaintiff, v METRO LOFT MANAGEMENT, LLC, et al., Defendants. ELLIOTT H. TAUB, Nonparty Appellant; KENNETH MARDER, Nonparty Respondent. [19 NYS3d 279]—

Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered February 20, 2015, which, inter alia, denied nonparty appellant Taub's motion for an order directing equal division of an attorney's fee between him and nonparty respondent Marder, and granted Marder's cross motion for an order directing such attorney's fee to be paid in full to him, with costs, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 1, 2015, which, upon granting Taub's motion for reargument, adhered to its prior determination, unanimously dismissed, without costs, as academic.

A portion of the attorney's fees awarded upon settlement of the instant personal injury action is payable to the dissolved firm of Taub & Marder. Pursuant to the parties' dissolution agreement, Marder is entitled to the proceeds of all checks involving either a client who executed a form substituting Marder's new firm as counsel after the dissolution, or one who remained unchallenged on the "Marder List," meaning the "client list maintained by the Partnership on which [Marder] is designated as the responsible attorney." In opposition to Taub's motion, Marder provided evidence, undisputed by Taub, that he was the partner assigned to the Reyes case and listed as the primary attorney in the firm's case management system before another firm was substituted as counsel.

The former partners' conflicting interpretations of the terms "client list" and "responsible attorney," as used in the dissolution agreement do not render these terms ambiguous, since the intention of the parties may be gathered from the four corners of the instrument (*Dreisinger v Teglasi*, 130 AD3d 524, 527 [1st Dept 2015]). Although no client list was physically printed out by Taub or Marder at the time of the dissolution, a list showing the designated responsible attorney could be generated by either partner from the firm's case management system. Taub himself prepared a list prior to the dissolution, which showed that Marder was the assigned attorney for the Reyes case. The only reasonable interpretation of the terms "client list" and "responsible attorney," that would give meaning to all of the terms of the dissolution agreement, is the one proffered by

Marder (*see U.S. Bank N.A. v Lightstone Holdings LLC*, 103 AD3d 458, 459 [1st Dept 2013]; *150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [1st Dept 2004]). As such, the motion court properly determined that Marder is entitled to the full amount of the attorneys' fees at issue.

Taub's remaining arguments are unavailing. Under the terms of the dissolution agreement, the lower court correctly awarded Marder reasonable costs and attorneys' fees as the prevailing party on the motion. Sanctions are not warranted against Marder. Concur—Mazzarelli, J.P., Renwick, Saxe and Moskowitz, JJ.